UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA SOSA, o/b/o
CARL DAVID MILLER-REYNA,

    Plaintiff,                        CIVIL ACTION NO. 05-CV-72539-DT

   v.                                DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                       MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be GRANTED, IN PART, and that of Defendant DENIED, and the instant case remanded for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g), to consider new and material evidence.

\* \* \*

    Claimant is a minor male child who is now thirteen years old. His mother, Lisa Sosa, filed an application for Social Security Supplemental Security Income (SSI) childhood disability benefits on his behalf on July 19, 2002, alleging incapacity due to severe emotional impairments. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on July 29, 2004, before Administrative Law Judge Douglas Walker. Claimant and his mother appeared and testified. In a decision dated November 10, 2004, Judge Walker determined that the

claimant was not entitled to childhood SSI benefits because his mental deficiencies were not severe enough to meet or medically equal any of those found in the Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of childhood SSI benefits was supported by substantial evidence on the record.

Claimant's mother testified at the administrative hearing that her son suffered from depression and attention deficit disorder (TR 198). She said that he experienced mood swings, and spent a great deal of time watching television in his room (TR 199). Ms. Sosa explained that her son had frequent crying spells and had few friends (TR 199-200). She described him as "very hyper", and said that he had a learning disability (TR 201-202). The mother claimed that medications did not help control her son's mood swings or hyperactivity (TR 203). The drug Adderall (prescribed for attention deficit hyperactivity) was prescribed by doctors to help Carl concentrate on tasks and increase his attention span. Nevertheless, he already had been held back one grade due to poor academic performance (TR 197, 207). Carl testified that he liked school, and that he enjoyed using a computer (TR 219). He stated that he enjoyed playing tag and dodge ball with his classmates (TR 220). Carl added that he wanted to become a policeman in order to help other people (TR 221).

<u>ELIGIBILITY FOR SSI CHILDHOOD DISABILITY BENEFITS</u>

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C.

§ 1382(a)(3)(C)(i). To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

> 1. A child will be found "not disabled" if he engages in substantial gainful activity.
>
> 2. A child will be found "not disabled" if he does not have a severe impairment or combination of impairments.
>
> 3. A child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2003).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

> 1. Acquiring and using information;
>
> 2. Attending and completing tasks;
>
> 3. Interacting and relating with others;
>
> 4. Moving about and manipulating objects;
>
> 5. Caring for yourself; and
>
> 6. Heath and physical-being.
>
> 20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[1] the impairment functionally equals the listing and the child will be found disabled. 20 C.F.R. 416.926a(d).

---

[1] A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

3

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that he was indeed impaired as a result of depression and attention deficit hyperactivity disorder, but these conditions were not severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the disorder had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development.

In a Motion for Summary Judgment, dated February 24, 2006, Plaintiff's attorney requests that the instant case be remanded for further administrative proceedings, pursuant to sentence six of 42 U.S.C. § 405(g), to consider new and material evidence submitted to the Appeals Council only. Defendant opposed the remand claiming that the new evidence would not have led the ALJ to reach a different conclusion.

REMAND FOR CONSIDERATION OF ADDITIONAL MEDICAL EVIDENCE

Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action. 42 U.S.C. § 405(g) (1982). Sentence six of this statute authorizes the court to remand the case for additional administrative action to consider new evidence. Before such a remand can be ordered, however, the new evidence must be material and good cause must be shown for the failure to submit the new evidence earlier. The party seeking the remand has the burden of proving both the materiality of the new evidence and the existence of good cause for the failure to obtain the evidence prior to the administrative hearing. Willis v. Secretary, 727 F.2d 551, 554 (6th Cir. 1984). In order for the claimant to satisfy this burden

of proof as to materiality, he must demonstrate that there was a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980).

I am persuaded that Plaintiff's request to remand for further administrative proceedings to consider the evidence first submitted to the Appeals Council should be granted, as he has successfully shown that the new evidence was both material and submitted late with good cause. Four months after the ALJ issued his decision, Detroit Public Schools completed an Individualized Education Program (IEP), which found that Carl was entitled to Special Education Services for the Learning Disabled (TR 186). The IEP noted that:

> Student is experiencing some difficulty in reading comprehension. He has been diagnosed as having Attention Deficit Hyperactivity Disorder, Impulsive Type. He is eligible for services because it has been determined his ADHD is interfering with his classroom performance (TR 187).

The ALJ's decision to deny childhood disability benefits was based, in part, on the fact that Detroit Public Schools had rejected Carl's request to receive Special Education Services (TR 21). Consequently, an essential premise underlying the ALJ decision was no longer valid just four months after the denial of SSI benefits. Moreover, Carl received another school report card shortly after the decision of the ALJ. The report card indicated that Carl received failing grades in reading, social studies, math and art (TR 185). The Law Judge had rejected the disability opinion of a long time treating physician on the basis that Carl continued to receive good grades in school (TR 25). A remand is appropriate in order to

5

determine whether the recent drop in grades corroborates the treating physician's disability finding.

A remand will allow the SSA to consider the medical records to see if there has been a significant deterioration in the child's health since the Law Judge's opinion. A remand will also permit Carl to testify as to his current problems in school, and allow the ALJ to consider more recent medical evidence as to the functional limitations stemming from his multiple emotional impairments. Accordingly, Plaintiff's request to remand the instant case for further administrative proceedings, pursuant to sentence six of the Social Security Act, should be granted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                          s/Donald A. Scheer
                          DONALD A. SCHEER
                          UNITED STATES MAGISTRATE JUDGE

DATED: April 26, 2006

_____

### CERTIFICATE OF SERVICE

     I hereby certify on April 26, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 26, 2006.  **None.**

                          s/Michael E. Lang
                          Deputy Clerk to
                          Magistrate Judge Donald A. Scheer
                          (313) 234-5217